THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
THOMAS MEDEIROS, Defendant-Appellant.

First District (3rd Division)   No. 1—91—0669

Opinion filed June 30, 1993.—Rehearing denied August 12, 1993.

David P. Sterba, of Orland Park, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Donald T. Lyman, and Bennett E. Kaplan, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

After a jury trial, defendant Thomas Medeiros was convicted of first degree murder in violation of section 9—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1) (now 720 ILCS 5/9—1(a)(1) (West 1992))). Judgment was entered on the verdict and defendant was sentenced to serve a term of 22 years' imprisonment. It is from the judgment of conviction that defendant now

appeals to this court pursuant to Supreme Court Rule 603. 134 Ill. 2d R. 603.

On appeal, defendant argues that: (1) he was denied a fair trial as a result of the cumulative impact of allegedly improper and prejudicial remarks made by the prosecution during closing argument; and (2) he was not proven guilty beyond a reasonable doubt.

For the reasons which follow, we affirm.

One fact in this case remains uncontroverted: On September 21, 1989, Kenny Wayne was shot dead by a bullet fired from defendant's revolver. The State maintains that defendant killed Wayne while being involved in a drug deal that went awry. Defendant asserts that Wayne was accidentally shot by a stray bullet fired while he was in the process of attempting to make a lawful arrest of another individual, while off duty from his responsibilities as a Marrionette Park police officer.

Before addressing defendant's assertion that he was denied a fair trial due to the allegedly improper prosecutorial remarks, we must address the State's contention that defendant has waived review of these complained-of remarks. Speaking to this issue, the Illinois Supreme Court has held that, absent plain error, *"[b]oth* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial."* (Emphasis in original.) (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; see also *People v. Nevitt* (1990), 135 Ill. 2d 423, 441, 553 N.E.2d 368; *People v. Adams* (1985), 109 Ill. 2d 102, 116, 485 N.E.2d 339, *cert. denied* (1986), 475 U.S. 1088, 89 L. Ed. 2d 730, 106 S. Ct. 1476.) Furthermore, it is not sufficient to merely refer to a cited error in a post-trial motion as "prejudicial," "inflammatory" or "erroneous" without factual detail; doing so is inadequate to preserve an issue on appeal. *People v. Phillips* (1989), 186 Ill. App. 3d 668, 682, 542 N.E.2d 814; *People v. Pendelton* (1989), 185 Ill. App. 3d 768, 777, 542 N.E.2d 386; *People v. David* (1986), 141 Ill. App. 3d 243, 261, 489 N.E.2d 1124.

■ With respect to the prosecutor's allegedly improper remarks, we find that defendant has waived this issue. In his post-trial motion, defendant merely states that "[t]he Defendant was prejudiced and deprived of a fair trial as the result of improper and inflammatory arguments made by the State before the jury." We find this general averment of error to be woefully inadequate to sufficiently apprise the trial court of the cited error and, therefore, the issue is deemed waived. *David*, 141 Ill. App. 3d at 261.

■ We now turn to the greater issue of whether defendant was proven guilty beyond a reasonable doubt. After a careful review of the evidence presented at trial and the record on appeal, we conclude that there is more than sufficient evidence from which the jury could have concluded that defendant, without lawful justification, committed an act which created a strong probability of killing and did, in fact, kill Kenny Wayne. The jury chose to believe the State's version of the incident. While defendant's story is quite different, it is the function of the jury to determine the credibility of witnesses and resolve conflicts. (*People v. Jordan* (1960), 18 Ill. 2d 489, 165 N.E.2d 296.) A reviewing court will disturb a finding of guilt only where the evidence is unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt. (*People v. Crews* (1967), 38 Ill. 2d 331, 231 N.E.2d 451.) In the case *sub judice*, the evidence leaves no reasonable doubt of defendant's guilt.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.