THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM GARRETT, Defendant-Appellant.

First District (6th Division)   No. 1—93—1168

Opinion filed June 24, 1994.

Neville, Pappas & Mahoney, of Chicago (J. Mark Lukanich and Matthew
P. Walsh, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William
Toffenetti, and James E. Fitzgerald, Assistant State's Attorneys, of counsel),
for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a bench trial, defendant, William Garrett, 28 years of age, was found guilty of criminal sexual assault and aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, pars. 12—13, 12—16, respectively), and was sentenced to a prison term of four years. On appeal, defendant contends that: (1) the trial court violated his sixth amendment right to a public trial by excluding his parents from the courtroom while the complainant testified; (2) he was deprived of a fair trial by the improper admission into evidence of several prior consistent statements made by the complainant; (3) he was not proved guilty beyond a reasonable doubt; (4) he was deprived of effective assistance of counsel; and (5) the trial court erred in admitting into evidence a statement allegedly made by him where the existence of that statement was not disclosed to defense counsel prior to trial. In view of our disposition of this appeal, a detailed recitation of the facts is unnecessary.

At trial, the complainant testified that she resided with her mother and defendant, her mother's live-in boyfriend. On the evening of August 29, 1991, while her mother was at work, she was lying on a couch. Defendant sat down, began rubbing her thigh, and then inserted his finger into her vagina. The complainant remained on the couch pretending to be asleep, when defendant kissed her thigh and again placed his finger into her vagina.

Defendant testified that the incident never occurred.

Defendant contends that he was improperly denied his sixth amendment right to a public trial, requiring reversal and a remand for a new trial. Prior to trial, the State made a motion pursuant to section 115—11 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 115—11) to exclude defendant's parents from the courtroom while the complainant testified. The State asserted that the complainant, a 15-year-old girl at the time of trial, was of "tender years" and that the presence of defendant's parents would adversely affect her "emotional well-being." The trial court accepted the State's representations and ordered the exclusion of defendant's parents from the courtroom during the complainant's testimony. Defendant argues that the trial court committed reversible error in ordering the removal of his parents during this portion of the trial without first applying the test established by the United States Supreme Court for determining whether closure of a trial, or a portion thereof, is justified. We agree with defendant. Accordingly, we reverse and remand for a new trial.

■ There is a presumption that all criminal trials are to be open to the public. (*Press-Enterprise Co. v. Superior Court* (1984), 464 U.S.

501, 508, 78 L. Ed. 2d 629, 637, 104 S. Ct. 819, 823; *People v. Holveck* (1990), 141 Ill. 2d 84, 100, 565 N.E.2d 919, 925.) The public trial guarantee was created for the benefit of defendants; it was and is believed that a public trial discourages perjury and ensures that judges, lawyers and witnesses carry out their respective functions responsibly. (*Waller v. Georgia* (1984), 467 U.S. 39, 46, 81 L. Ed. 2d 31, 38, 104 S. Ct. 2210, 2215; *People v. Taylor* (1993), 244 Ill. App. 3d 460, 612 N.E.2d 543.) The presumption of openness, however, is not absolute and may be rebutted by " 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.' " (*Waller*, 467 U.S. at 45, 81 L. Ed. 2d at 38, 104 S. Ct. at 2215, quoting *Press-Enterprise*, 464 U.S. at 510, 78 L. Ed. 2d at 638, 104 S. Ct. at 824.) The Supreme Court in *Waller* emphasized that a defendant's right to an open trial is to give way only in "rare" circumstances. (*Waller*, 467 U.S. at 45, 81 L. Ed. 2d at 38, 104 S. Ct. at 2215.) Where an overriding interest is found by a trial court to exist, "[that] interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enterprise*, 464 U.S. at 510, 78 L. Ed. 2d at 638, 104 S. Ct. at 824.

In the present case, the burden was on the State, as the party seeking closure, to advance an overriding interest that was likely to be prejudiced by the presence of defendant's parents in the courtroom during the complainant's testimony. (*Taylor*, 244 Ill. App. 3d at 467, 612 N.E.2d at 548.) It was then the duty of the trial court to determine whether the proferred interest was legitimate and whether the exclusion of defendant's parents during this portion of the trial was essential to protect that interest. In resolving the latter question, the trial court was obligated to consider whether reasonable alternatives to closing the proceeding existed which would have served equally well to protect the interest. The trial court was also obligated to make findings on the record adequate to support the closure.

As previously noted, the State asserted that the complainant was of "tender years" and that her emotional well-being would be adversely affected by the presence of defendant's parents in the courtroom while she testified. The trial court merely accepted the State's representations and ordered defendant's parents excluded without first determining whether the asserted interest was legitimate or whether the parents' presence in fact threatened that interest. In *Globe Newspaper Co. v. Superior Court* (1982), 457 U.S. 596, 73 L. Ed. 2d 248, 102 S. Ct. 2613, the Supreme Court noted that safeguarding the physical and psychological well-being of a minor is

a compelling interest, but concluded that "the circumstances of [a] particular case may affect the significance of th[at] interest." (*Globe Newspaper*, 457 U.S. at 608, 73 L. Ed. 2d at 258, 102 S. Ct. at 2620.) In this regard, the Court stated:

> "A trial court can determine on a case-by-case basis whether closure is necessary to protect the welfare of a minor victim. Among the factors to be weighed are the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." *Globe Newspaper*, 457 U.S. at 608, 73 L. Ed. 2d at 258, 102 S. Ct. at 2621.

We conclude that the presumption of openness was not overcome in this case, and consequently, defendant was denied his constitutional right to a public trial. The trial court first failed to determine whether the "overriding interest" advanced by the State was indeed legitimate. The record reveals that the court did not give due consideration to the complainant's psychological maturity and understanding, notwithstanding factors raised by defendant which tended to show that she possessed a level of sophistication exceeding that of others her age. Moreover, the court did not inquire as to why or to what degree the complainant felt uncomfortable at the presence of defendant's parents. Significantly, the record reveals that the trial court expressed some skepticism as to the State's claim that closure was necessary to protect the complainant's interests, as the following comments of the court reveal:

> "Problem I have is she doesn't seem to feel uncomfortable, not trying to—maybe physically, if I had seen her, she doesn't seem to be—she seems to be uncomfortable in the presence of the mother's boyfriend [defendant], I can understand that.
>
>     \* \* \*
>
> If her age were younger I'd have no problem with that, but the fact that she's fourteen, you know, but then again, some girls are more sensitive than others. Sometimes wonder if she would be more embarrassed saying what happened in front of her father than allegedly the family of the man who allegedly had done it.
>
> You're telling me she's uncomfortable, as an officer of the Court that's what you're saying, that's your understand [*sic*], uncomfortable testifying to what allegedly took place in front of people who are not parties to the matter, just parents of the alleged defendant here?
>
>     \* \* \*
>
> You know, I'm sure it's difficult for any girl to testify left alone. Of course, I'm not a woman, but I would be uptight if it was my father or mother hearing this, rather than the parents of the man who allegedly did this to me.

But all right, counsel, based on your representation I will ask that when the young lady testifies, that the parents of the defendant be excused for that portion."

Moreover, the trial court failed to consider whether reasonable alternatives to closure were available. In *Press-Enterprise*, the Supreme Court held that the failure of a trial court to consider whether alternatives to closure are available to protect an asserted interest is alone sufficient to render an order of closure unconstitutional. *Press-Enterprise*, 464 U.S. at 511, 78 L. Ed. 2d at 639, 104 S. Ct. at 825.

In light of the complete absence of evidence that the trial court itself decided that there existed an overriding interest justifying closure or that it considered reasonable alternatives to closure, we hold that defendant is entitled to a new trial. In *Waller*, the Supreme Court declared that "the defendant should not be required to prove specific prejudice in order to obtain relief for a violation of the public-trial guarantee." (*Waller*, 467 U.S. at 49, 81 L. Ed. 2d at 40, 104 S. Ct. at 2217.) The remedy under *Waller* is required to be one which is "appropriate to the violation." (*Waller*, 467 U.S. at 49, 81 L. Ed. 2d at 41, 104 S. Ct. at 2217.) Because the trial court excluded defendant's parents from the courtroom during what was perhaps the most critical aspect of the trial without first meeting the elements set forth in *Press-Enterprise*, we conclude that the only appropriate remedy is to grant defendant a new trial. Our decision to do so is supported by recent judicial decisions of this State.

In *People v. Ramey* (1992), 237 Ill. App. 3d 1001, 606 N.E.2d 39, the court reversed the defendant's conviction and remanded for a new trial where the trial court turned off the loudspeakers to the spectator portion of the courtroom during closing arguments. The trial court's action had the effect of preventing members of the defendant's family from hearing the arguments. The court found that the trial court erred in simply assuming, without deciding, that its articulated reason for turning off the speakers, namely, to prevent prospective jurors called for an unrelated case from hearing the arguments and being tainted thereby, constituted an "overriding interest" which could only be protected by closure of the trial. *Ramey*, 237 Ill. App. 3d at 1005, 606 N.E.2d at 42.

Similarly, in *Taylor*, the court held that the defendant was entitled to a new trial where the trial court excluded the defendant's siblings from the courtroom during the jury selection process. The trial court's reason for excluding the siblings was to avoid the possibility that any comments they might make would influence the jurors. The *Taylor* court held that while closure of a trial to prevent

the contamination of jurors was facially an overriding interest, the evidence failed to establish that there was a reasonable likelihood that the defendant's siblings would attempt to influence the jurors. *Taylor*, 244 Ill. App. 3d at 467-68, 612 N.E.2d at 549.

The State argues, however, that the exclusion of defendant's parents from the courtroom during the victim's testimony was justified under section 115—11 of the Code of Criminal Procedure. Section 115—11 states:

"In a prosecution for a criminal offense defined in \*\*\* Section 12—13, 12—14, 12—15 or 12—16 of the 'Criminal Code of 1961', where the alleged victim of the offense is a minor under 18 years of age, the court may exclude from the proceedings while the victim is testifying, all persons, who, *in the opinion of the court, do not have a direct interest in the case,* except the media." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 115—11.)

The State maintains that defendant's parents did not have a direct interest in the case and, as such, were properly excluded under the statute. We do not agree. That the parents of the accused are directly interested in the case is not a proposition which, in our view, can be seriously disputed. As defendant aptly points out, in light of the presumption of innocence which remains with the defendant throughout the trial, no rational argument can be advanced that the parents of the defendant have any less of an interest in the case than the family members of the complainant. We find the State's bare assertion that defendant's parents do not have a "direct interest" in this case to be without merit. As an aside, we note that the trial court did not make an explicit finding one way or the other as to whether defendant's parents had a direct interest in the case. However, to the extent that the trial court, in excluding defendant's parents from the courtroom during the complainant's testimony, implicitly found that they had no direct interest in the case, we hold that the trial court abused its discretion in so finding.

■ We comment briefly on defendant's contention that he was denied a fair trial by the improper admission into evidence of prior consistent statements made by the complainant. (Defense counsel offered no objection at trial to the majority of these statements, and that is the basis for defendant's argument that he received ineffective assistance of counsel.) The State asserts that the consistent statements were merely cumulative and, in this bench trial, did not cause any prejudice to defendant.

At the retrial, evidence of prior consistent statements made by the complainant will be inadmissible unless defendant suggests that the complainant has recently fabricated testimony or has a motive to

testify falsely and the prior statement was made before the motive arose. (See *People v. Gray* (1991), 209 Ill. App. 3d 407, 568 N.E.2d 219.) Of course, the complainant's cousin and friend, whom the complainant first informed of the incident, may testify under the corroborative complaint exception to the hearsay rule, which permits testimony indicating that a prompt complaint of a sexual assault was made. *People v. Evans* (1988), 173 Ill. App. 3d 186, 527 N.E.2d 448.

We need not address defendant's remaining claims that he was deprived of effective assistance of counsel where counsel failed to object to the complainant's prior consistent statements and was denied a fair trial where the State failed to disclose prior to trial a statement allegedly made by him to an assistant State's Attorney, since neither issue is likely to resurface in the new trial.

■ As a final matter, defendant contests the sufficiency of the evidence finding him guilty beyond a reasonable doubt. In keeping with the mandate of *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, we have reviewed the evidence and find that, if believed by the trier of fact, it was ample to support a finding of guilt beyond a reasonable doubt. We do not suggest any implication as to defendant's guilt or innocence which would be binding on retrial; our finding as to the sufficiency of the evidence stated herein is intended only to protect defendant from the risk of being subjected to double jeopardy.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

RAKOWSKI and GIANNIS, JJ., concur.