THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LIONEL
WEBB, Defendant-Appellant.

First District (3rd Division)   No. 1—92—3470

Opinion filed November 9, 1994.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant
Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Janet Powers Doyle, and Abigail Abraham, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

After a jury trial, defendant, Lionel Webb, was convicted of first degree murder in violation of section 9—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1) (now 720 ILCS 5/9—1(a)(1) (West 1992))) and attempted armed robbery in violation of sections 8—4 and 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4, 18—2 (now 720 ILCS 5/8—4, 18—2 (West 1992))), receiving concurrent prison terms of 32 years and 15 years for those respective crimes. It is from the judgment of conviction that defendant now appeals to this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 603 (134 Ill. 2d R. 603).

For the reasons which follow, we affirm.

## FACTUAL BACKGROUND

On July 7, 1990, defendant met up with a group of his friends, Kenneth Roper, Marvin Bowman and Gregory King, at the Israel Deli located at the intersection of 73rd and Halsted Streets in Chicago. The group, ranging in age from 16 to 18, decided to go and buy some liquor from a store at the corner of 79th and Halsted Streets. Around this time the youths discussed stealing a car for a joy ride and then selected a beige Oldsmobile parked near a church off the intersection of 75th and Halsted Streets. The vehicle had a passenger, the victim, Charles Patton. At this time defendant was in possession of his father's loaded .38-caliber revolver, which he had handed to King before heading over to the liquor store.

King said, "Let's get the car." Whereupon King approached the car, tapped on the window and asked Patton for a light. Patton simply looked up and nodded back down. King then fatally shot Patton and the boys fled. Subsequently, King returned the pistol to defendant, who in turn cleaned the weapon and returned it to the place where his father kept it.

Subsequent to a police investigation into the matter, defendant was indicted for first degree murder and attempted armed robbery and put on trial.

During *voir dire*, defendant wished to have his grandmother sit in a particular chair in the courtroom. Initially, the trial court refused, citing lack of space in the courtroom. The first venire panel was then brought in and the trial judge explained that he was going

to dismiss the panel for lunch and that upon their return each member was to take the exact seat he or she was currently occupying. The panel was then dismissed for lunch.

After the veniremembers left, a short discussion was held between the trial court, defense counsel and the prosecution concerning the *voir dire* and some other matters.

On return from lunch, the trial court *sua sponte* reconsidered its decision to exclude defendant's grandmother from the courtroom. The trial judge instructed defense counsel to escort defendant's grandmother into the courtroom and she was seated. In the presence of defendant, the trial judge asked defense counsel "Are you satisfied in your client's right to a public trial?" Defense counsel responded "Yes, Judge." Whereupon the proceedings continued. Defendant was found guilty as charged and the instant appeal followed.

## ISSUE PRESENTED FOR REVIEW

The sole issue on appeal is whether defendant was denied his constitutional right to a public trial as guaranteed by the United States and Illinois Constitutions by the exclusion of his grandmother from a portion of the proceedings.

## OPINION

■ As a preliminary matter we note that defendant's brief does not contain in its appendix a copy of the judgment appealed from or the notice of appeal. Supreme Court Rule 612(i) makes Supreme Court Rule 342 (134 Ill. 2d R. 342) applicable to criminal appeals. (134 Ill. 2d R. 612(i).) Supreme Court Rule 342(a) provides, in pertinent part:

> "(a) Appendix to the Brief. The appellant's brief shall include, as an appendix, *a copy of the judgment appealed from*, any opinion, memorandum, or findings of fact filed or entered by the trial judge, *** *the notice of appeal*, and a complete table of contents, with page references, of the record on appeal." (Emphasis added.) 134 Ill. 2d R. 342(a).

Thus, defendant's brief is in violation of Rule 342(a). (134 Ill. 2d R. 342(a).) Compliance with Rule 342(a) is not a matter of little or no import. The purpose of the rule is to require parties to proceedings before this court to present argument in a clear and orderly fashion so that the court may properly ascertain and dispose of the issues involved. A reviewing court has inherent authority to dismiss an appeal for noncompliance where an appellant's brief fails to comply with its rules. (*Collier v. Avis Rent A Car System, Inc.* (1993), 248 Ill. App. 3d 1088, 618 N.E.2d 771.) However, as the issue before us is rather straightforward and the brief is in all other respects adequate,

we do not believe that so harsh a sanction as dismissal is warranted in this instance. Accordingly, we shall proceed with what we have.

■ That said, we now direct our attention to the issue of whether the trial court denied defendant his constitutional right to a public trial. The sixth amendment to the United States Constitution, made applicable to the States through the due process clause of the fourteenth amendment (*In re Oliver* (1948), 333 U.S. 257, 92 L. Ed. 682, 68 S. Ct. 499), guarantees that "the accused shall enjoy the right to a speedy and public trial." (U.S. Const., amend. VI.) This right is also affirmed by section 8 of article I of our 1970 Illinois Constitution. (Ill. Const. 1970, art. I, § 8.) The right to a public trial, which is one that belongs to the accused rather than the public (*Gannett Co. v. DePasquale* (1979), 443 U.S. 368, 61 L. Ed. 2d 608, 99 S. Ct. 2898), extends to all criminal proceedings, including the impaneling of the jury. See *United States v. Kobli* (3d Cir. 1949), 172 F.2d 919; *People v. Taylor* (1993), 244 Ill. App. 3d 460, 612 N.E.2d 543.

"[T]he guarantee [of a public trial] has always been recognized as a safeguard against any attempt to employ our courts as instruments of persecution. The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power." (*Oliver*, 333 U.S. at 270, 92 L. Ed. at 692, 68 S. Ct. at 506.) As the English legal philosopher Jeremy Bentham wrote: " 'Without publicity, all other checks are insufficient: in comparison of publicity, all other checks are of small account. Recordation, appeal, whatever other institutions might present themselves in the character of checks, would be found to operate rather as cloaks than checks; as cloaks in reality, as checks only in appearance.' " (*Oliver*, 333 U.S. at 271, 92 L. Ed. at 693, 68 S. Ct. at 506, quoting 1 Bentham, Rationale of Judicial Evidence 524 (1827).) In addition to ensuring that judges and prosecutors carry out their duties responsibly, a public trial and the attendance of interested spectators remind jurors of the responsibility and importance of their function. (*Waller v. Georgia* (1984), 467 U.S. 39, 46, 81 L. Ed. 2d 31, 38, 104 S. Ct. 2210, 2215.) Furthermore, "a public trial makes the proceedings known to possible material witnesses who might otherwise be unknown to the parties and also tends to assure testimonial trustworthiness by inducing a fear that any false testimony would be detected." 3 W. LaFave & J. Israel, Criminal Procedure § 23.1, at 2 (1984); see also *Gannett Co.*, 443 U.S. 368, 61 L. Ed. 2d 608, 99 S. Ct. 2898.

■ An accused's right to a public trial is not absolute; it must be balanced against other interests which may justify closing or limiting access to the proceedings. (*United States v. Eisner* (6th Cir. 1976), 533

F.2d 987; *People v. Holveck* (1990), 141 Ill. 2d 84, 565 N.E.2d 919.) The United States Supreme Court in *Press-Enterprise Co. v. Superior Court* (1984), 464 U.S. 501, 78 L. Ed. 2d 629, 104 S. Ct. 819, stated that there exists a presumption of openness in a criminal trial which can only be overcome by an overriding interest that is specifically articulated. In *Waller*, the Supreme Court adopted the holding of *Press-Enterprise* and applied it as a four-prong test in assessing the propriety of closing a trial to spectators. Under the *Press-Enterprise/ Waller* test a party seeking to close proceedings must: (1) advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closure; and (4) the trial court must make findings adequate to support the closure. (*Waller*, 467 U.S. at 48, 81 L. Ed. 2d at 39, 104 S. Ct. at 2216; see also *Holveck*, 141 Ill. 2d 84.) The *Press-Enterprise/ Waller* "overriding interest" test is applied regardless of whether there is total or partial closure of a trial. *Taylor*, 244 Ill. App. 3d at 465.

■ Initially, the State argues that defendant waived the question of whether he was denied his constitutional right to a public trial. We agree.

"Speaking to this issue, the Illinois Supreme Court has held that, absent plain error, '*[b]oth* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial.' " (Emphasis in original.) (*People v. Medeiros* (1993), 249 Ill. App. 3d 139, 140, 618 N.E.2d 1065, quoting *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) In this case, defendant did not raise the issue in his post-trial motion. In fact, defendant, through his trial counsel, *affirmatively and voluntarily* waived the issue after his initial objection during counsel's exchange with the trial judge on the matter.

Notwithstanding these facts, defendant argues, *inter alia*, that the right to a public trial is fundamental and cannot be waived by counsel. This is not the law. Addressing exactly this point, the United States Court of Appeals held in *Martineau v. Perrin* (1st Cir. 1979), 601 F.2d 1196, that the right to a public trial is waivable by trial counsel and in doing so stated:

> "What we said in *United States v. Lespier* [(1st Cir. 1977)], 558 F.2d 624, applies here: '[W]e long ago made it clear that an accused cannot easily disassociate himself from the tactics of his trial counsel. *** "If the accused, being present, manifests no dissent, it is usually fair to assume that he approves of, or at least acquiesces in, the decisions taken in open court in his behalf by his counsel." ' " (*Martineau*, 601 F.2d at 1200, quoting *Lespier*, 558

F.2d at 629, quoting *Cruzado v. Puerto Rico* (1st Cir. 1954), 210 F.2d 789, 791.)

Accordingly, we find defendant waived review of this question by acquiescing to the trial court's action and/or failing to raise the issue in his post-trial motion. *Martineau*, 601 F.2d 1196; *Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124.

Assuming, *arguendo*, that this issue were not waived, we hold the defendant's right to a public trial was not violated. We note that defendant's grandmother missed, at best, a *de minimis* portion of the proceedings, consisting literally of a few minutes of discussion between the judge and the attorneys while the panel members were at lunch. She missed *none* of the actual *voir dire* itself. Be that as it may, we shall apply the *Press-Enterprise/ Waller* test to that brief period of time.

It appears clear to us that the trial court found a problem with having a member of defendant's family coming up against potential jurors and possibly contaminating them and, therefore, the first and fourth requirements of the *Press-Enterprise/ Waller* test were met. (See *Taylor*, 244 Ill. App. 3d at 467 ("The closure of a trial to the public to prevent contamination of potential jurors facially meets the requirement of an overriding interest").) With respect to the second and third requirements, there is no evidence that the trial judge excluded any other members of the public from the courtroom or that there were any less restrictive alternatives that could have been employed here. Thus, the second and third requirements of *Press-Enterprise/ Waller* were met. Consequently, we see no violation of defendant's Federal or State constitutional right to a public trial.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA and GREIMAN, JJ., concur.