THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JO-VAHN WILLIS, Defendant-Appellant.

First District (2nd Division)   No. 1—94—1736

Opinion filed August 15, 1995.

Thomas Peters, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Clare Wesolik Connolly, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DiVITO delivered the opinion of the court:

Following a jury trial, defendant Jovahn Willis was found guilty of first degree murder and sentenced to 30 years' imprisonment. In this appeal, defendant contends that his sixth amendment right to a public trial was violated by the exclusion from the courtroom of members of his family during jury selection. Because we agree, we reverse his conviction and remand for a new trial.

At trial, Antoine Green testified that on August 6, 1992, at approximately 6:50 p.m., he was standing with Rashad Yabar in the mouth of an alley on 64th Street waiting for two girls when a gold, four-door car slowly proceeded down 64th Street and stopped as it approached the alley, approximately 30 to 50 feet from them. Jesse Mason drove the car; Michael Sonya sat in the front passenger seat; James Willis, defendant's brother, sat in the rear on the driver's side; and defendant sat in the rear on the passenger side. Green had known defendant for the past seven to eight years. Although the car's windows were tinted, defendant's window was rolled halfway down.

After the car stopped, Mason laughed while defendant stuck his head and a black revolver out of his window and began firing at Green and Yabar, who ran through the alley. Green hid behind a utility pole; Yabar grasped a fence, slumped to the ground, and yelled that he had been shot.

Green also testified that on September 2, 1992, defendant's girlfriend, Tanya Clark, accompanied him to the defense attorney's office where he signed a written statement maintaining that defendant was not the shooter. Prior to the visit, Green engaged in a three-way telephone conversation with Clark and defendant during which Green was told that Clark would take him to the attorney's office. Green recanted his statement to the defense attorney during his

grand jury testimony. Green testified that he did not tell the defense attorney the truth because he was afraid of James Willis and "the boys." James Willis and Sonya gave Green money and told him that if defendant goes down, he is going to go down too.

Officer Rodney McDowell, Jr., testified that on August 6, 1992, after responding to a call at 640 East 64th Street, he interviewed Green. Green told him that a car had driven by and defendant fired gunshots out of the rear window. Green identified defendant as the shooter, Mason as the driver, and James Willis and Sonya as the other passengers.

A stipulation was entered into evidence that Nancy Jones, an expert in forensic pathology from the Cook County medical examiner's office, performed the autopsy and determined that a gunshot was the cause of Yabar's death.

## I

Prior to the commencement of *voir dire* proceedings, the circuit court excluded members of defendant's family from the courtroom. In so doing, the court made the following statement:

> "[I]n matters of jury selection where we have large numbers of juries, potential jurors who need to be seated in the public viewing area, rather than take a chance of any kind of contamination—I'm not saying that your client's family would do that, I'm just saying that to guard against that, I think it's not unreasonable to expect that they not be present during the selection for that reason alone. That's the only reason."

Defendant contends that the exclusion of his family from jury selection proceedings violated his constitutional right to a public trial.

■ The sixth amendment of the United States Constitution guarantees a defendant the right to a speedy and public trial. The entitlement to a public trial extends to *voir dire* proceedings. (*People v. Taylor* (1993), 244 Ill. App. 3d 460, 464, 612 N.E.2d 543, *appeal denied* (1993), 152 Ill. 2d 577, 622 N.E.2d 1224; *Press-Enterprise Co. v. California* (1984), 464 U.S. 501, 78 L. Ed. 2d 629, 104 S. Ct. 819.) Subsequent to *Press-Enterprise*, the United States Supreme Court enunciated the test for closing a trial proceeding:

> "[T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." (*Waller v. Georgia* (1984), 467 U.S. 39, 48, 81 L. Ed. 2d 31, 39, 104 S. Ct. 2210, 2216.)

The *Press-Enterprise/ Waller* "overriding interest" test applies to both

full and partial closures of trial proceedings. *Taylor*, 244 Ill. App. 3d at 467.

■ The circuit court barred defendant's family members from *voir dire* to prevent contamination of potential jurors. Facially, this justification satisfies the overriding interest requirement. (*Taylor*, 244 Ill. App. 3d at 467.) However, the record fails to show that the jury selection proceedings were likely to be prejudiced by the presence of defendant's family in the courtroom. The State argues that the threat and offer of money to Green by James Willis and Michael Sonya provide evidence of the need for closure. The court, however, was not informed of the money offer before *voir dire* so that information could not have been relevant to its decision. Although the threat may have provided grounds for removing James Willis, without more, the exclusion of defendant's other family members was broader than necessary to protect the overriding interest at stake.

Additionally, the court failed to make a finding adequate to support the closure. In ordering the exclusion, the court stated, "I'm not saying that your client's family would do that [contaminate the jury]." Evidently the court did not believe it likely that defendant's family would prejudice the proceedings. Even if the court did consider contamination to be likely, it violated the *Press-Enterprise/Waller* test by failing to make an explicit finding stating the rationale for its decision. Without such a statement, the exclusion of family members was improper.

Furthermore, the record, such as it is, indicates that several reasonable alternatives to closure were available to the court. From statements made by defense counsel and not contradicted by the State or the court, it appears that defendant's family could have been separated from the potential jurors by being seated on the other side of the courtroom or on one of the benches not occupied by potential jurors, the court could have admonished prospective jurors and spectators to refrain from contact with each other, a bailiff could have been stationed next to the prospective jurors to deter contact, or the court could have excluded James Willis alone.

Because of the broadness of the closure, the court's failure to consider reasonable alternatives to closure, and the court's failure to make specific findings to justify the closure, we conclude that the exclusion of defendant's family was reversible error. Defendant need not prove specific prejudice to obtain relief for a violation of his right to a public trial. (*Taylor*, 244 Ill. App. 3d at 468.) The sixth amendment protects all portions of the trial, including *voir dire*, and the appropriate remedy for improper closure is a new trial. *Taylor*, 244 Ill. App. 3d at 468.

## II

We consider two other matters because they might recur on retrial.

■ Defendant contends that the circuit court committed reversible error in denying the admission into evidence of Green's written statement to defendant's attorney. A prior inconsistent statement is admissible as substantive evidence if the statement is inconsistent with the witness' trial testimony, the witness is subject to cross-examination about the inconsistent statement, the statement narrates or describes an event about which the witness has personal knowledge, and the statement is signed by the witness. (725 ILCS 5/115—10.1 (West 1992).) All four criteria have been satisfied in the instant case as Green's signed statement describing his account of the shooting death of Yabar conflicted with his testimony at trial and he was available for cross-examination about the statement. The circuit court should have admitted the statement into evidence.

■ Prior to jury selection, the circuit court denied defendant's motion *in limine* to exclude gang-related evidence. During her opening statement, the prosecutor stated, "[Yabar] was gunned down during the course of a drive-by shooting committed by Gangster Disciples, two of which sit before you here today." During Green's testimony, an objection to the prosecutor's question about codefendant Jesse Mason's membership in a gang was sustained. Later on redirect examination, Green testified that he did not recall if James Willis and "the boys" belonged to a gang.

Because the question about Mason's gang affiliation was not permitted and Green did not recall if James Willis and "the boys" belonged to a gang, there was no evidence concerning gang membership and no basis for the prosecutor to make a gang reference in her opening statement. Obviously, if there is to be no evidence of gang membership on retrial, there should be no gang reference during opening statement.

For the foregoing reasons, the judgment of the circuit court is reversed, and defendant is granted a new trial.

Reversed and remanded for a new trial.

SCARIANO, P.J., and HARTMAN, J., concur.