PARIENTE, J.,
concurring in result only.
While I agree with approving the result reached by the Fourth District that Ko-valeski is not entitled to relief, I also agree with the Third District in Alonso that under the facts and circumstances of that case, the automatic application of the statute resulted in a constitutional violation of the defendant’s right to a public trial. As explained by the United States Supreme Court, “it is clear that the circumstances of the particular case may affect the significance of the interest.” Globe Newspaper Co. v. Superior Court for Norfolk Cnty., 457 U.S. 596, 608, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982).
In this case, the defendant said only that he was objecting for the record, without further explanation. The defendant did not at that time or during appellate proceedings in the Fourth District or this Court point to any individuals who were improperly excluded. Therefore, in my view, the application of section 918.16, Florida Statutes (2001), did not result in any demonstrated constitutional violation in this case.
The facts of Alonso demonstrate why the one-size-fits-all approach adopted by the majority, in which the statute negates any need for an individualized inquiry, may create constitutional problems and why the Third District’s decision in Alonso v. State, 821 So.2d 423 (Fla. 3d DCA 2002), is clearly distinguishable from this case. First, the defendant in Alonso made a specific objection to the courtroom closure on constitutional grounds, id. at 425, whereas the defendant here made no such specific objection. Second, the defendant in Alonso objected to the exclusion of certain individuals, including his cousin. Id. The defendant’s “immediate family” allowed under the statute would have included his wife, from whom he was separated, and his parents, who could not attend the trial, but not his cousin, the individual he considered to be a father figure. Id. Third, the witnesses testifying in Alonso while the courtroom was closed were not victims, id., unlike in the instant case.
The Third District in Alonso correctly reasoned on the record before it that “[t]he trial court itself expressed doubts about whether the courtroom should be closed under the circumstances of [that] case. In the absence of the necessary findings justifying the closure, we must order a new trial.” Id. at 426 (emphasis added). Further illustrating the necessity of a case-by-case evaluation and findings by the trial court as to whether the courtroom should be closed, the Third District also observed that “[o]n the facts of [that] case, we see no viable argument for closing the courtroom during the testimony of the teenaged witnesses, who were fourteen and twelve at the time of trial. They were not victims. They simply recounted what happened when the victim came to their apartment, including what the victim told them.” Id. at 427 (emphasis added). Accordingly, the Third District concluded: “We see no overriding interest served by closing the hearing during their testimony.” Id.
The majority opinion broadly pronounces that the statute will always satisfy Waller. In my view, however, section 918.16 cannot obviate the need for an individualized inquiry before a partial courtroom closure where, like in Alonso, the defendant objects and points to specific individuals who were excluded from the courtroom that interfere with his right to a public trial. In Waller, the United States Supreme Court set forth the requirements that must be met:
the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the *863 closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure.
Waller v. Georgia, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (emphasis added). While the statute may generally satisfy the first two requirements of Waller, it cannot satisfy the third and fourth requirements. Simply put, the statute cannot satisfy the requirements for the trial court to consider reasonable alternatives and make specific findings in each case.
It should be noted that some courts have applied a less stringent standard to partial closures than the standard in Waller, requiring a “substantial reason” rather than an “overriding interest.” See, e.g., Woods v. Kuhlmann, 977 F.2d 74, 76 (2d Cir. 1992). The United States Supreme Court has never explicitly decided whether Waller is the standard to use when there is a partial closure, and the case law is far from uniform.[4] In my view, even under the lesser standard, there must be an individualized determination. See United States v. Galloway, 937 F.2d 542, 546 (10th Cir.1991) (“recognizing] that a different standard applies where the courtroom is only partially closed” but holding that “[nevertheless, the trial court must make sufficient findings to allow the reviewing court to determine whether the partial closure was proper”); Cohen, 921 N.E.2d at 922-23 (“[E]ven in a partial closure context, the remaining Waller factors must be satisfied-Closure by policy runs counter to the requirement that a court make a case-specific determination before a closure of any part of a criminal proceeding constitutionally may occur.”); People v. Kline, 197 Mich.App. 165, 494 N.W.2d 756, 760 (1992) (applying “substantial reason” test but stating that “the court failed to make findings on the record in support of its order as required by the United States Supreme Court”).
In conclusion, the application of section 918.16 without conducting a Waller inquiry and making individualized findings can result in the unjustified exclusion of individuals or an overly broad closure of the courtroom. This was illustrated in Alonso, where there was no logical or justified reason for excluding the defendant’s cousin other than because the statute required it. I would therefore approve the Third District’s decision in Alonso, which held that “[i]n order to implement the statute in a constitutional way, it is necessary to apply [the] four-part [Waller ] constitutional test when closure of the courtroom is requested.” Alonso, 821 So.2d at 426. In this case, however, because the defendant never made a specific objection or even indicated who was excluded that interfered with his right to a public trial, I agree with *864 approving the result reached by the Fourth District to affirm the conviction.

. Compare United States v. DeLuca, 137 F.3d 24, 33-34 (1st Cir.1998) (applying “substantial reason” test to partial closures); United States v. Osborne, 68 F.3d 94, 99 (5th Cir. 1995) (same); United States v. Farmer, 32 F.3d 369, 371 (8th Cir.1994) (same); Woods, 977 F.2d at 76 (same); United States v. Sherlock, 962 F.2d 1349, 1357 (9th Cir.1989) (same); Nieto v. Sullivan, 879 F.2d 743, 753 (10th Cir.1989) (same); Douglas v. Wainwright, 739 F.2d 531, 533 (11th Cir.1984) (same); Commonwealth v. Cohen, 456 Mass. 94, 921 N.E.2d 906, 921-22 (2010) (same); State v. Drummond, 111 Ohio St.3d 14, 854 N.E.2d 1038, 1054 (2006); People v. Kline, 197 Mich.App. 165, 494 N.W.2d 756, 759 (1992); with English v. Artuz, 164 F.3d 105, 108-09 (2d Cir.1998) (applying Waller’s "overriding interest" test to partial closures); People v. Jones, 96 N.Y.2d 213, 726 N.Y.S.2d 608, 750 N.E.2d 524, 529 (2001) (same); State v. Mahkuk, 736 N.W.2d 675, 685 (Minn. 2007) (same); State v. Ortiz, 91 Hawai’i 181, 981 P.2d 1127, 1137 (1999) (same); People v. Taylor, 244 Ill.App.3d 460, 183 Ill.Dec. 891, 612 N.E.2d 543, 548-49 (1993) (same).